IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIDIEBELE "CHIDI" OKONKWO, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-11-2678 |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § | |
| Defendant. | § § | |

ORDER

Pending in this Title VII discrimination case is Defendant Schlumberger Technology Corporation's Motion for Summary Judgment (Document No. 28). Plaintiff Chidiebele "Chidi" Okonkwo ("Plaintiff"), a black Nigerian male, worked as a drilling engineer for Defendant Schlumberger Technology Corporation ("Defendant") for over a decade.[1] In July, 2009, Plaintiff was indicted on two counts of forgery in Fort Bend County, Texas for attempting to purchase money orders with counterfeit bills.[2] Plaintiff alleges that he informed Defendant of the charges against him, and was allowed to continue working as usual.[3] Plaintiff was brought to

---

[1] Document No. 33 at 5; Document No. 30, ex. A at 49:14-51:17.

[2] Document No. 30 at 4; id., ex. A at 69:10-70:12; Document No. 30-5 at 17 of 19 (indictment).

[3] Document No. 33 at 5-6.

trial before a jury, and was found guilty of forgery on July 16, 2010.[4] Approximately two weeks later, Defendant terminated Plaintiff's employment.[5] At that time, Defendant offered to pay Plaintiff $3,846.15 in exchange for a release of any claims he had against Defendant, including Title VII claims.[6] Plaintiff was given 21 days to consider the offer, but accepted Defendant's offer and signed the Waiver and Release that same day.[7]

Plaintiff now brings suit alleging that Defendant violated Title VII by terminating him following his forgery conviction because "[o]ther, non-minority and white employees that have criminal convictions have not been terminated."[8] Defendant moves for summary judgment, arguing that the Waiver and Release bars Plaintiff's claims, and that, even if Plaintiff could bring such claims, they fail on the merits because Plaintiff can produce no evidence of discrimination.[9]

---

[4] Document No. 30 at 4; Document No. 30-7 at 9 of 29 (jury verdict).

[5] Document No. 30 at 4; Document No. 30-7 at 22 of 29 (termination letter).

[6] Document No. 30 at 5; Document No. 30-7 at 24-28 of 29 (Waiver and Release).

[7] Document No. 30-7 at 24 of 29, 28 of 29.

[8] Document No. 1 ¶ 8 (Orig. Cmplt.).

[9] Document No. 30.

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).

A release of claims under Title VII ordinarily does not violate public policy and can be enforced if it is made knowingly and voluntarily. Smith v. Amedisys Inc., 298 F.3d 434, 441 (5th Cir. 2002). The employer bears the burden of demonstrating that its former employee signed a release addressing the claims at issue, received adequate consideration, and subsequently breached the release. Id. (citing Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir. 1994)). The burden then shifts to the

employee to show that the release was invalid due to fraud, duress, material mistake, or some other defense. Smith, 298 F.3d at 441.

The Waiver and Release unambiguously releases Plaintiff's Title VII claims against Defendant.[10] Plaintiff does not dispute that he received the full amount of the consideration promised by Defendant.[11] Plaintiff breached the Waiver and Release by filing

---

[10] Document No. 30-7 at 25 of 29 ("Employee . . . knowingly and voluntarily releases and forever discharges Employer . . . of and from any and all claims, known and unknown, which the Employee has or may have against Employer as of the date of execution of this Waiver and Release, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964, as amended . . . .").

Plaintiff argues that the Waiver and Release is ambiguous because it also states:

> Nothing herein is intended to or shall preclude Employee from filing a complaint and/or charge with any appropriate federal, state, or local government agency and/or cooperating with said agency in its investigation. The releases contained in this paragraph will remain in full force and effect. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Document No. 33 at 14 (citing Document No. 30-7 at 26 of 29). This paragraph is not in conflict with Plaintiff's general release of his own claims for monetary relief and other individual remedies against Employer based on Title VII claims. It merely clarifies that Plaintiff remains able to file a complaint with a government agency, and to cooperate with the agency in any investigation it may conduct. But as for any claims for monetary relief for *himself*, Plaintiff's release of Defendant is a bar. Plaintiff's Complaint seeks *only* damages and monetary relief for himself, which claims he unambiguously released.

[11] *See* Document No. 33 at 15 n.4 ("The funds paid along with the release were wire transferred directly into Chidi's account that [Defendant] had on file.").

4

this suit alleging claims for monetary relief for himself under Title VII. Furthermore, Plaintiff does not allege that the Waiver and Release was invalid at the time he signed it.[12] Accordingly, Plaintiff is barred from bringing this Title VII action, and summary judgment for Defendant is appropriate.[13]

---

[12] Plaintiff does assert that the Waiver and Release was not a fully consummated contract until signed by Defendant on August 18, 2010, and that Plaintiff attempted to retract it prior to that date. Document No. 33 at 14-15. However, Plaintiff does not dispute that Defendant offered him valuable consideration in exchange for the Waiver and Release, that he accepted that offer by signing the Waiver and Release, and that he received the promised consideration from Defendant. When Defendant paid to Plaintiff the agreed consideration, it fully performed its only obligation under the Waiver and Release. Accordingly, a valid contract was formed and fully performed by Defendant prior to Plaintiff's attempted retraction.

[13] Even if Plaintiff had not waived his Title VII monetary claims against Defendant, Defendant still would be entitled to summary judgment on the merits. Plaintiff failed to establish a prima facie case of race or national origin discrimination, which required him to show, *inter alia*, that he "was replaced by someone outside the protected class, or, in the case of disparate treatment . . . that other similarly situated employees were treated more favorably." See Bryan v. McKinsey & Co., Inc., 375 F.3d 358, 360 (5th Cir. 2004). Plaintiff points to no evidence that he was replaced by a non-black or non-Nigerian, or that similarly situated employees were treated more favorably.

Plaintiff moves to reopen discovery, objecting that Defendant improperly limited its discovery responses by providing information only about discharged employees in positions similar to Plaintiff's. Document No. 33 at 9-11 (objecting to Defendant's answer to Interrogatory No. 9, which states "there are no individuals employed by Defendant in the Drilling Engineer position for D&M HQ (Plaintiff's position at the time of his conviction), or in another position similarly situated to the Plaintiff, who have been convicted of a felony or plead guilty to a felony in the past ten years."). "[E]mployees with different supervisors, who work for different divisions of a company" and those "who have different work responsibilities or who are subjected to adverse employment

5

For the foregoing reasons, it is

ORDERED that Defendant Schlumberger Technology Corporation's Motion for Summary Judgment (Document No. 28) is GRANTED, and Plaintiff Chidiebele "Chidi" Okonkwo's claims are DISMISSED WITH PREJUDICE.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 3d day of December, 2013.

                                      EWING WERLEIN, JR.
                               UNITED STATES DISTRICT JUDGE

---

action for dissimilar violations" are not similarly situated. Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259-60 (5th Cir. 2009). Accordingly, Defendant appropriately limited its response to relevant comparators and Plaintiff's request to reopen discovery is denied.